**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MORGAN REECE, | ) | NO. CV 12-10231-VAP(E) |
| | ) | |
|           Petitioner, | ) | |
| | ) | |
|   v. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| JERRY POWERS, Chief Probation | ) | |
| Officer, Los Angeles County | ) | |
| Probation Department, | ) | |
| | ) | |
|           Respondent. | ) | |
| ———————————————————— | ) | |

Federal subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989); 28 U.S.C. §§ 2241(c), 2254(a); see Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) ("in custody" requirement is jurisdictional).  A habeas petitioner does not remain "in custody" under a conviction once the sentence imposed for the conviction has "fully expired."  Maleng v. Cook, 490 U.S. at 492.

The Petition, filed November 30, 2012, challenges a state court conviction for which Petitioner reportedly received a June 8, 2010

1  sentence of "one year home probation" (Petition at 2).  Other
2  documents filed by Petitioner, however, appear to indicate that
3  Petitioner's probation may have extended beyond November 30, 2012.
4  See, e.g., "Petition for Writ of Supercedeas," filed March 12, 2013,
5  at 2, 24.

6

7      Although Respondent's "Motion to Dismiss, etc.," filed March 14,
8  2013, does not appear to raise any issue regarding the "in custody"
9  requirement, the Court sua sponte may raise issues concerning subject
10 matter jurisdiction at any time.  See Fiedler v. Clark, 714 F.2d 77,
11 78 (9th Cir. 1983); Meza v. Riley, 2011 WL 3565243, at *2 (C.D. Cal.
12 July 5, 2011), adopted, 2011 WL 3565241 (C.D. Cal. Aug. 12, 2011); see
13 also Mansfield, Coldwater & Lake Michigan Railway v. Swan, 111 U.S.
14 379, 382 (1884); Fed. R. Civ. P. 12(h)(3).

15

16      Therefore, it is ordered that, within thirty (30) days of the
17 date of this Order, Petitioner shall show cause, if there be any, why
18 the Petition should not be denied and dismissed without prejudice for
19 lack of subject matter jurisdiction.  Petitioner shall attempt to show
20 such cause by filing a declaration or declarations signed under
21 penalty of perjury establishing the factual bases for the Petition's
22 implicit assertion that, on November 30, 2012, Petitioner was "in
23 custody" under the conviction challenged in the Petition.  Failure
24 ///
25 ///
26 ///
27 ///
28 ///

timely to show such cause may result in the denial and dismissal of the Petition.

    DATED: April 18, 2013.


                          _____/S/_____
                              CHARLES F. EICK
                          UNITED STATES MAGISTRATE JUDGE